KEITH H. RUTMAN (CSB #144175)
501 West Broadway Ste 1650
San Diego, California 92101-3541
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com

Attorney for Plaintiffs
STEVEN DALTON and TINA PIZZO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Thomas J. Whelan)

| | |
|---|---|
| STEVEN DALTON and TINA PIZZO,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO and DOES 1-5,<br><br>  Defendants. | Case No.  21-cv-2143-W (WVG)<br><br>COMPLAINT FOR DAMAGES;<br>DEMAND FOR JURY TRIAL |

COME NOW Plaintiffs STEVEN DALTON and TINA PIZZO, by and through their attorney of record, and pursuant to leave of Court (Doc. 17), hereby allege:

This lawsuit for money damages is brought pursuant to the provisions of 42 U.S.C. § 1983 due to violations by Defendants of Plaintiffs' constitutional rights under the Fourth Amendment to the U.S. Constitution.  Supplemental claims are also brought pursuant to California law.

**JURISDICTION**

1    Federal jurisdiction is founded upon the existence of a federal question, the Civil Rights Act, 42 U.S.C. § 1983 and lies under 28 U.S.C. § 1331.  The remaining causes of action arise under the supplemental jurisdiction of this Court and lie under 28 U.S.C. § 167.

**VENUE**

2    Venue in the Southern District of California is proper because the injuries to STEVEN DALTON and TINA PIZZO occurred herein and further because the

Defendants are believed to reside in said district.

**PARTIES**

3   Plaintiff STEVEN DALTON was at all material times mentioned herein a resident of the City of Escondido, in the State of California.

4   Plaintiff TINA PIZZO was at all material times mentioned herein a resident of the City of Escondido, in the State of California.

5   STEVEN DALTON and TINA PIZZO (hereinafter Plaintiffs) were at all material times mentioned herein living together as domestic partners in a long term, committed relationship.

6   Defendant COUNTY OF SAN DIEGO ("the COUNTY") is and was at all times mentioned herein a political sub-division of the State of California and is the employer of Defendant DAVID COLLINS, JR. (Formerly known as DOE 1), who performed all of the herein alleged acts for, and in the name of, the COUNTY. The liability of the COUNTY is vicarious within the meaning of Government Code § 815.2.

7   At all material times mentioned herein, Defendant DAVID COLLINS, JR. was a duly constituted law enforcement officer employed by the COUNTY OF SAN DIEGO Sheriff's Department and charged with administering and maintaining laws in the jurisdiction of the COUNTY OF SAN DIEGO and State of California. Thus, he was the agent, servant, and/or employee of the COUNTY OF SAN DIEGO and in doing the acts herein alleged, was acting within the course and scope of his agency and/or employment, and with the permission, consent and authority of the COUNTY OF SAN DIEGO. The acts of the Defendant COLLINS were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Defendant COLLINS is sued individually in his capacity as a peace officer for the COUNTY OF SAN DIEGO.

8   Prior to the filing of this complaint and on or about September 16, 2021 and on October 7, 2021, Plaintiffs filed written claims with the COUNTY OF SAN DIEGO for the injuries alleged herein as required by, inter alia, California Government Code

§§ 905, 905.2 and 945.4.  On or about November 15, 2021, their claims were rejected in writing.  The administrative claims process need not be followed as a prerequisite to bringing suit as to the claims brought under 42 U.S.C. § 1983.  Patsy v. Board of Regents, 457 U.S. 496 (1982); Heath v. Cleary, 708 F.2d 1376, 1378 (9th Cir. 1983).

## GENERAL ALLEGATIONS

9      Octavia Dalton is Claimant's then-16 year daughter and TINA PIZZO's stepdaughter.  She is severely disabled, and there is a long history of police responses, juvenile court proceedings and psychiatric interventions, as detailed in an official report of Stephanie Lord. PhD dated 4/19/21.  Dr. Lord's evaluation was 2 days before the events at issue here.

10     More than once, Octavia has threatened her father, Ms. PIZZO, and her siblings with violence, including assaults with knives.

11     On April 10, 2121, when Ms. PIZZO came home from work, Octavia requested to play on her tablet.  House rules states that tablet time must be earned throughout the day before usage in the evening will be permitted.  Upon learning that Octavia had not earned her tablet time, Ms. PIZZO told Octavia she was not able to use her tablet.  In response, Octavia picked up a knife and threatened to murder Ms. PIZZO.

12     Mr. DALTON was in the bathroom and heard the threat.  He immediately rushed to the kitchen, where Ms. PIZZO has already gotten the knife away from Octavia.  Nevertheless, Octavia had Ms. PIZZO trapped in a corner pushing and smacking her.  Mr. DALTON put Octavia in a bear-hug type hold and started taking her over to the front door so she could go for a walk.

13     In response, Octavia dropped to the ground in front of the front door and grabbed the electrical cord attached to a fan and put it around her neck. Utilizing their 24/7 crisis support app on an iPhone, Mr. DALTON and Ms. PIZZO called for PERT support, as they have done many times in the past.  Octavia took off, yelling that she was going to run away and kill herself.

14     Defendant DAVID COLLINS, JR. arrived, and Mr. DALTON and Ms. PIZZO

explained what happened.  2 reports were made; one for the crisis and another for a runaway.  Defendant DAVID COLLINS, JR. undertook a search (with others), but after about an hour they called to say they had not found her.  Ms. PIZZO therefore undertook her own search and found Octavia within minutes.

15      She then called the Sheriff's Department to advise that Octavia has been located and is at the home.  Defendant DAVID COLLINS, JR. was once again dispatched.  Ms. PIZZO went inside to let Mr. DALTON know what was going on and to check on the other kids.  During this time, Octavia was outside talking to Defendant DAVID COLLINS, JR. .  Defendant DAVID COLLINS, JR. then spoke to Ms. PIZZO and inquired about the incident.  Ms. PIZZO told him that Octavia had her in a corner pushing and hitting her when Mr. DALTON bear-hugged her to get her off.  Defendant DAVID COLLINS, JR. then asked to talk to Mr. DALTON, who came outside to comply with the request.

16      Mr. DALTON asked Defendant DAVID COLLINS, JR. if he had ever been to the residence before.  When Defendant DAVID COLLINS, JR. said no, Mr. DALTON requested that he call somebody who has and then he (Mr. DALTON) would come back out to talk.  As Mr. DALTON turned to go back inside, Defendant DAVID COLLINS, JR. grabbed him by the arm and put him in handcuffs, thereby arresting him without probable cause. At this point in time, Ms. PIZZO began recording the attached video.  Before he left with Mr. DALTON in custody, Defendant DAVID COLLINS, JR. stated that if he has to come back out "someone else is going to jail."  He departed, leaving Octavia behind and taking away the one person (Mr. DALTON) who could protect Ms. PIZZO and the other three minor children (then ages 9, 11 and 14) from Octavia.

17      Sure enough, as soon as he left, Octavia started digging her nails into Ms. PIZZO's arm and then went outside, grabbed a stick, and began hitting things, including Ms. PIZZO.  Ms. PIZZO activated the crisis alert device and Defendant DAVID COLLINS, JR. was dispatched.  Just as he arrived, Mr. DALTON called from

4

1  the jail.  Ms. PIZZO answered the telephone, but this aggravated Defendant DAVID
2  COLLINS, JR. , who, apparently feeling ignored, began to remove his handcuffs from
3  his belt.  Ms. PIZZO reasonably felt she was being detained at this point due to the
4  show of force (i.e., handcuffs being retrieved).
5  18      As the handcuffs were coming out, Brooke (Mr. DALTON's then-14 year old
6  daughter) showed Defendant DAVID COLLINS, JR. a video of Octavia's behavior, at
7  which point Defendant DAVID COLLINS, JR. turned from Ms. PIZZO, walked over
8  to Octavia and had another officer take Octavia to his patrol vehicle.  Defendant
9  DAVID COLLINS, JR. informed Ms. PIZZO they were taking Octavia to the hospital.
10 19      Due to the false charges on which he was booked (child cruelty and resisting
11 arrest), Mr. DALTON's bond was set at $100,000.  A bail bondsman was retrained.  He
12 charged the sum of $10,000, on credit terms, and Mr. DALTON was released.  Because
13 no criminal charges were filed by the District Attorney, Mr. DALTON received a
14 "detention only" certificate in the mail.
15 20      Their detention was caused without any reasonable suspicion to do so.  Mr.
16 DALTON was arrested without any probable cause to believe he was subject to arrest.
17 No reasonable officer in the possession of the information known to Defendants would
18 have believed that either was subject to arrest or detention.
19 21      As to Ms. PIZZO, Defendant DAVID COLLINS, JR. placed her in peril, in
20 deliberate indifference to her safety.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**UNREASONABLE SEIZURE (ARREST)**
**PLAINTIFF DALTON ONLY AGAINST DEFENDANT DAVID COLLINS, JR. ONLY**

24 22      Plaintiffs refer to and incorporate by reference Paragraphs 1 through 21 as
25 though fully set forth herein.
26 23      In committing the acts alleged herein, Defendant DAVID COLLINS, JR.
27 violated, without probable cause, consent, exigent circumstances or other defense,
28 Plaintiff DALTON's clearly established constitutional rights under the Fourth

Amendment to the United States Constitution to be secure in his person from unreasonable government intrusion, including false arrest. These rights were clearly established at the time. For these reasons, Plaintiff DALTON is entitled to seek damages pursuant to Title 42 U.S.C. §1983, et seq.

24  A reasonably prudent officer would have known that Plaintiff DALTON was not subject to arrest.

25  By reason of the acts alleged above, Plaintiff DALTON did sustain great emotional distress and shock and injury to his person and nervous system, all to his damages in an amount to be proven at trial.

26  As a direct and proximate result of the acts and omissions alleged herein, Plaintiff DALTON is entitled to general and special damages from Defendant DAVID COLLINS, JR. in an amount to be proven at trial.

27  In doing the acts alleged herein Defendant DAVID COLLINS, JR. acted maliciously and with reckless and callous disregard for the rights and feelings of Plaintiff DALTON and by reason thereof Plaintiff DALTON demands exemplary and punitive damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**UNREASONABLE SEIZURE (DETENTION)**
**PLAINTIFF PIZZO ONLY AGAINST DEFENDANT DAVID COLLINS, JR. ONLY**

28  Plaintiffs refer to and incorporate by reference Paragraphs 1 through 21 as though fully set forth herein.

29  In committing the acts alleged herein, Defendant DAVID COLLINS, JR. violated, without reasonable suspicion, consent, exigent circumstances or other defense, Plaintiff PIZZO's clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be secure in her person from unreasonable government intrusion, including unreasonable detention. These rights were clearly established at the time. For these reasons, Plaintiff PIZZO is entitled to seek damages pursuant to Title 42 U.S.C. §1983, et seq.

30   A reasonably prudent officer would have known that Plaintiff PIZZO was not subject to detention.

31   By reason of the acts alleged above, Plaintiff PIZZO did sustain great emotional distress and shock and injury to her person and nervous system, all to her damages in an amount to be proven at trial.

32   As a direct and proximate result of the acts and omissions alleged herein, Plaintiff PIZZO is entitled to general and special damages from Defendant DAVID COLLINS, JR. in an amount to be proven at trial.

33   In doing the acts alleged herein Defendant DAVID COLLINS, JR. acted maliciously and with reckless and callous disregard for the rights and feelings of Plaintiff PIZZO and by reason thereof Plaintiff PIZZO demands exemplary and punitive damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**(STATE CREATED DANGER)**
**MS. PIZZO ONLY v. DEFENDANT DAVID COLLINS, JR. ONLY**

34   Plaintiff refers to and incorporates by reference Paragraphs 1 through 21 as though fully set forth herein.

35   In committing the acts alleged herein, Defendant DAVID COLLINS, JR. is liable under the "state-created danger" doctrine because his conduct placed Ms. PIZZO in peril, in deliberate indifference to her safety.  Specifically, his actions created or increased the danger facing her and he acted with deliberate indifference to a known or obvious danger, to wit, allowing a severely disturbed individual with a documented history of violent behavior and governmental interventions, including by the SAN DIEGO COUNTY SHERIFFS DEPARTMENT) to remain at home and removing the one person capable of controlling Octavia and protecting his family.

36   By reason of the acts alleged above, Ms. PIZZO did sustain emotional distress and shock and injury to her person and nervous system, all to her damages in an amount to be proven at trial.

37    As a direct and proximate result of the acts and omissions alleged herein, Ms. PIZZO is entitled to general and special damages from Defendant DAVID COLLINS, JR. in an amount to be proven at trial.

38    In doing the acts alleged herein Defendant DAVID COLLINS, JR. acted with reckless and callous disregard for the rights and feelings of Ms. PIZZO and by reason thereof she demands exemplary and punitive damages against these Defendants in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENCE, UNDER CALIFORNIA LAW (Government Code § 815.2)**
**ALL DEFENDANTS**

39    Plaintiffs refer to and incorporate by reference Paragraphs 1 through 21 as though fully set forth herein.

40    By the acts alleged above, Defendant DAVID COLLINS, JR. was negligent and breached his duty of due care owed to the Plaintiffs, thereby causing the injuries and severe emotional distress as described in the aforementioned Factual Allegations. The Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

41    By reason of the acts alleged above, the Plaintiffs did sustain great emotional distress and shock and injury to their persons and nervous systems, all to their damages in an amount to be proven at trial.

42    As a direct and proximate result of the acts and omissions alleged herein, the Plaintiffs are entitled to general and special damages from the Defendant DAVID COLLINS, JR. in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**FALSE ARREST UNDER CALIFORNIA LAW (Government Code § 815.2)**
**PLAINTIFF DALTON ONLY AGAISNT ALL DEFENDANTS**

43    Plaintiffs refer to and incorporate by reference Paragraphs 1 through 21 as though fully set forth herein.

44    By the acts alleged herein, particularly the act of Defendant DAVID COLLINS, JR. arresting and/or detaining Plaintiff DALTON without a warrant or probable cause,

1  Plaintiff DALTON was falsely arrested, entitling him to damages pursuant to
2  California law.
3  45      By reason of the acts alleged above, Plaintiff DALTON did sustain great
4  emotional distress and shock and injury to his person and nervous system, all to his
5  damages in an amount to be proven at trial.
6  46      As a direct and proximate result of the acts and omissions alleged herein,
7  Plaintiff DALTON is entitled to general and special damages from Defendant DAVID
8  COLLINS, JR. in an amount to be proven at trial.
9  47      In doing the acts alleged herein Defendant DAVID COLLINS, JR. acted
10 maliciously and with reckless and callous disregard for the rights and feelings of
11 Plaintiff DALTON and by reason thereof Plaintiff DALTON demands exemplary and
12 punitive damages in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF CIVIL CODE § 52.1(b) (Government Code § 815.2)**
**ALL DEFENDANTS**

15 48      Plaintiffs refer to and incorporate by reference Paragraphs 1 through 21 as
16 though fully set forth herein.
17 49      By their acts, omissions, customs, and policies, Defendants, and each of them,
18 acting in concert/conspiracy, as described above, and with threat, intimidation, and/or
19 coercion, violated Plaintiffs' clearly established rights under California Civil Code §
20 52.1, the United States Constitution and California Constitution and law as alleged
21 herein.
22 50      By reason of the acts alleged above, the Plaintiffs did sustain great emotional
23 distress and shock and injury to their persons and nervous systems, all to their damages
24 in an amount to be proven at trial.
25 51      As a direct and proximate result of the acts and omissions alleged herein, the
26 Plaintiffs are entitled to general and special damages from Defendants in an amount to
27 be proven at trial.
28 52      In doing the acts alleged herein Defendant DAVID COLLINS, JR. acted

maliciously and with reckless and callous disregard for the rights and feelings of the Plaintiffs and by reason thereof the Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general and compensatory damages against Defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendant DAVID COLLINS, JR. in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988 and/or Civil Code § 52.1; and

4. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims for relief.

Respectfully Submitted,

Dated: July 11, 2022

s/ Keith H. Rutman
KEITH H. RUTMAN
Attorney for Plaintiffs
Email: krutman@krutmanlaw.com