CLAUDIA SILVA, Acting County Counsel (SBN 167868)
By ALEXA KATZ, Senior Deputy (SBN 317968)
    STEVEN P. INMAN, II, Senior Deputy (SBN 227748)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4874; Fax: (619) 531-6005
E-mail: alexa.katz@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and Deputy David Collins, Jr.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DALTON and TINA PIZZO,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DAVID COLLINS, JR.; and DOES 1-5,<br><br>    Defendants. | No. 21-cv-02143-W-WVG<br><br>**DEFENDANTS COUNTY OF SAN DIEGO AND DEPUTY DAVID COLLIN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

    Defendants County of San Diego and Deputy David Collins, Jr. ("Deputy Collins") (collectively together as "Defendants") answer Plaintiffs Steven Dalton and Tina Pizzo's ("Plaintiffs" or "Dalton" or "Pizzo") First Amended Complaint ("FAC") filed July 11, 2022. Defendants admit, deny, and allege as follows:

    1.    Answering paragraph 1 of the FAC, Defendants aver that the allegations of said paragraph state legal conclusions to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

    2.    Answering paragraph 2 of the FAC, Defendants aver said paragraph states a legal conclusion or argument to which no response is required, except without admitting that the allegations are true and given its Affirmative Defenses to the allegations in the

FAC, Defendants admit that venue is proper in the Southern District of California. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

3. Answering paragraphs 3, 4, and 5 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, generally and specifically deny each and every allegation therein.

4. Answering paragraphs 6 and 7 of the FAC, Defendants admit that the County of San Diego is a public entity, duly organized and existing under the laws of the State of California. As to the remaining allegations contained within or inferred by paragraphs 6 and 7, Defendants admit that Deputy David Collins, Jr. is employed by the County of San Diego as a San Diego County Sheriff's Deputy. As to the rest of the allegation, said statements state a legal conclusion or argument to which no response is required. To the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

5. Answering paragraph 8 of the FAC, Defendants aver that the allegations of said paragraph state legal conclusions to which no response is required. However, without admitting that the allegations are true and given its Affirmative Defenses to the allegations in the FAC, Defendants admit that Plaintiffs filed a claim with the County and that the County rejected Plaintiffs' claim. As to the remaining allegations contained within or inferred by paragraph 8, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis generally and specifically deny each and every allegation therein.

6. Answering paragraph 9 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every allegation therein.

7. Answering paragraph 10 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every allegation therein.

8. Answering paragraph 11 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis Defendants deny each and every allegation therein.

9. Answering paragraph 12 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis Defendants deny each and every allegation therein.

10. Answering paragraph 13 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis Defendants deny each and every allegation therein.

11. Answering paragraph 14 of the FAC, Defendants admit that Deputy Collins arrived at the residence and undertook a search for O.D. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, Defendants deny each and every remaining allegation.

12. Answering paragraph 15 of the FAC, Defendants admit that Deputy Collins went back to Plaintiffs' residence after searching for O.D., and that Deputy Collins spoke with O.D., and Pizzo, and asked to speak with Dalton and Dalton came outside. As to the remaining allegations. Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every remaining allegation.

13. Answering paragraph 16 of the FAC, Defendants admit that Deputy Collins spoke with Dalton and Dalton was handcuffed. Defendants deny the characterization of the conversation between Deputy Collins and Dalton. Defendants deny that Dalton was transported by Deputy Collins. Defendants admit that Deputy Collins spoke to Pizzo after Dalton was in custody and made a statement to Pizzo similar, but not identical to that alleged and quoted in the FAC, however, Plaintiffs omit the context of the conversation, and therefore Defendants deny the characterization of the conversation. As to any remaining allegations, Defendants are without sufficient information to form a belief as to the truth of those allegations, and on that basis deny each and every other allegation

3

therein. To the extent that Plaintiffs allege that Steven Dalton was arrested without probable cause, Defendants aver that such allegations state a legal conclusion and legal argument to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

14. Answering paragraph 17 of the FAC, Defendants admit that Deputy Collins responded to Plaintiffs' residence a third time and spoke with Pizzo, and Pizzo answered her cell phone. Defendants deny the characterization of Deputy Collins as "feeling ignored" and further deny that Deputy Collins "began to remove his handcuffs from his belt." As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every allegation therein. To the extent that Pizzo alleges she was detained, Defendants aver that such allegations state a legal conclusion and argument to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained herein.

15. Answering paragraph 18 of the FAC, Defendants admit that Deputy Collins was shown a video of O.D., the decision was made to transport O.D. to a hospital, and O.D. was transferred to a hospital. Defendants deny the characterization of Deputy Collins reaching for his handcuffs prior to viewing the video and deny that Brook Dalton showed Defendants a video "as the handcuffs were coming out." As to the remaining allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every allegation therein.

16. Answering paragraph 19 of the FAC, Defendants deny that Dalton was booked on false charges. As to the other allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every allegation therein. To the extent that Plaintiffs are stating an argument or legal conclusion in this paragraph, no response is required. If a response is
///

required, Defendants generally and specifically deny each and every allegation contained therein.

17. Answering paragraphs 20 and 21 of the FAC, Defendants generally and specifically deny the allegations. To the extent that such allegations state legal conclusions and arguments, no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

## **FIRST CLAIM FOR RELIEF**

18. Answering paragraph 22 of the FAC, Defendants incorporate by reference its responses to paragraphs 1 through 21 of the FAC as though fully set forth herein.

19. Answering paragraph 23 of the FAC, Defendants aver that said paragraph states legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants general and specifically deny each and every allegation contained therein.

20. Answering paragraph 24 of the FAC, Defendants aver that said paragraph states legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants general and specifically deny each and every allegation contained therein.

21. Answering paragraph 25 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

22. Answering paragraph 26 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

23. Answering paragraph 27 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

## **SECOND CLAIM FOR RELIEF**

24. Answering paragraph 28 of the FAC, Defendants incorporate by reference its responses to paragraphs 1 through 27 of the FAC as though fully set forth herein.

25. Answering paragraph 29 of the FAC, Defendants aver that said paragraph states legal conclusions, and statements of law or arguments to which no response is

required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

26. Answering paragraph 30 of the FAC, Defendants aver that said paragraph states legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

27. Answering paragraph 31 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

28. Answering paragraph 32 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

29. Answering paragraph 33 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

### THIRD CLAIM FOR RELIEF

30. Answering paragraph 34 of the FAC, Defendant incorporate by reference its responses to paragraphs 1 through 33 of the FAC as though fully set forth herein.

31. Answering paragraph 35 of the FAC, Defendants aver that said paragraph states legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

32. Answering paragraph 36 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

33. Answering paragraph 37 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

34. Answering paragraph 38 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

///

///

## FOURTH CLAIM FOR RELIEF

35. Answering paragraph 39 of the FAC, Defendant incorporate by reference its responses to paragraphs 1 through 38 of the FAC as though fully set forth herein.

36. Answering paragraph 40 of the FAC, Defendants aver that the allegations of said paragraph state legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

37. Answering paragraph 41 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

38. Answering paragraph 42 of the FAC, Defendants generally and specifically deny each and every the allegation contained therein.

## FIFTH CLAIM FOR RELIEF

39. Answering paragraph 43 of the FAC, Defendant incorporate by reference its responses to paragraphs 1 through 42 of the FAC as though fully set forth herein.

40. Answering paragraph 44 of the FAC, Defendants aver that the allegations of said paragraph state legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

41. Answering paragraph 45 of the FAC, Defendants generally and specifically deny each and every allegation contained therein.

42. Answering paragraph 46 of the FAC, Defendants generally and specifically deny each and every allegation contained therein.

43. Answering paragraph 47 of the FAC, Defendants generally and specifically deny each and every allegation contained therein

## SIXTH CLAIM FOR RELIEF

44. Answering paragraph 48 of the FAC, Defendants incorporate by reference their responses to paragraphs 1 through 47 of the FAC as though fully set forth herein.

///

45. Answering paragraph 49 of the FAC, Defendants aver that the allegations of said paragraph state legal conclusions, and statements of law or arguments to which no response is required. If a response is required, Defendants generally and specifically deny each and every allegation contained therein.

46. Answering paragraph 50 of the FAC, Defendants generally and specifically deny each and every allegation contained therein.

47. Answering paragraph 51 of the FAC, Defendants generally and specifically deny each and every allegation contained therein.

48. Answering paragraph 52 of the FAC, Defendants generally and specifically deny each and every allegation contained herein.

## AFFIRMATIVE DEFENSES

### 1
### (Failure to State Causes of Action)

As a first, separate and distinct affirmative defense, Defendants allege that the FAC fails to state facts sufficient to constitute a cause of action upon which relief can be granted. (Code Civ. Proc., § 430.10(e).)

### 2
### (Lack of Subject Matter Jurisdiction)

As a second, separate and distinct affirmative defense, Defendants allege that no subject matter jurisdiction exists over Defendants, and Plaintiffs have failed to sue the proper party.

### 3
### (No Common Law Negligence)

As a third, separate and distinct affirmative defense, Defendants allege that they are not liable for common-law negligence and are only liable pursuant to statute by operation of section 815 of the Government Code.

///

4

(Reasonable Diligence/Mandatory Duty)

As a fourth, separate and distinct affirmative defense, Defendants allege that they are not liable for any failure to discharge a mandatory duty in that they exercised reasonable diligence in the discharge of all duties as provided by section 815.6 of the Government Code.

5

(Superseding/Intervening Cause)

As a fifth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not officers or employees of Defendants. Such superseding or intervening causes cut off the Defendants' liability, if any.

6

(Contributory Negligence)

As a sixth, separate and distinct affirmative defense, Defendants allege that Plaintiffs acted unreasonably, carelessly and negligently in and about the matters alleged in the FAC in that Plaintiffs did not exercise ordinary care, caution or prudence for their own safety and protection. These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if Defendants are found legally responsible to Plaintiffs, then Defendants provisionally allege that their acts or omissions were not the sole and proximate cause of Plaintiffs' injuries and damages and that the damages awarded must be apportioned according to the respective fault and legal responsibility of all parties, persons and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

///

///

9

No. 21-cv-02143-W-WVG

7

(Assumption of Risk)

As a seventh, separate and distinct affirmative defense, Defendants allege that on or before the date of the subject accident or incident, Plaintiffs knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the FAC.

8

(Estoppel)

As an eighth, separate and distinct affirmative defense, Defendants allege that Plaintiffs are barred by the doctrine of waiver and are therefore estopped to maintain this action.

9

(Unclean Hands)

As a ninth, separate and distinct affirmative defense, Defendants allege that the Plaintiffs' conduct was undertaken with unclean hands, and as such, they are estopped from pursuing their claims.

10

(Failure to Mitigate)

As a tenth, separate and distinct affirmative defense, Defendants allege that Plaintiffs have failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

11

(Laches)

As an eleventh, separate and distinct affirmative defense, Defendants allege that Plaintiffs' claims are barred by laches.

///

///

///

## 12
### (Discretionary Immunity)

As a twelfth, separate and distinct affirmative defense, said Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.2 of the Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

## 13
### (Exercise of Due Care)

As a thirteenth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

## 14
### (Good Faith)

As a fourteenth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of section 820.6 of the Government Code for injury caused by acts, in good faith, under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

## 15
### (Judicial or Administrative Proceeding)

As a fifteenth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 821.6 of the Government Code in that the injuries and damages, if there were any, were caused by the institution or prosecution of a judicial or administrative proceeding.

## 16
### (Immunity for Reporting Child Abuse)

As a sixteenth, separate and distinct affirmative defense, Defendants allege that they are not liable for injuries arising out of the reporting of a known or suspected

instance of child abuse, pursuant to section 11172 of the Penal Code and section 16513 of the Welfare and Institutions Code.

## 17
### (Mental Illness Treatment)

As a seventeenth, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 855.8 for the diagnosis and treatment of mental illness.

## 18
### (Mental Illness Confinement)

As an eighteenth, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 856 for any determination as to confinement for mental illness, or for release from such confinement under this section and/or pursuant to Welfare and Institutions Code section 5154.

## 19
### (Physical/Mental Examination)

As a nineteenth, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 855.6 for any alleged failure to make a physical examination or to make an adequate physical or mental examination for the purpose of determining whether such person has a disease or physical or mental condition.

## 20
### (Immunity for Reporting Child Abuse)

As a twentieth, separate and distinct affirmative defense, Defendants allege that they are not liable for injuries arising out of the reporting of a known or suspected instance of child abuse, pursuant to section 11172 of the Penal Code and section 16513 of the Welfare and Institutions Code.

///

///

## 21
## (Lawful Arrest)

As a twenty-first, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code and section 847 of the Penal Code in that the arrest and/or imprisonment arose out of a lawful arrest.

## 22
## (Immunity for Prisoner Injury)

As a twenty-second, separate and distinct affirmative defense, Defendant County of San Diego alleges it is not liable for any injury caused by or to any prisoner by operation of section 844.6 of the Government Code.

## 23
## (Alleged Failure to Arrest or Retain)

As a twenty-third, separate and distinct affirmative defense, Defendants allege that they are not liable for injuries caused by the failure to make an arrest or by the failure to retain an arrested person in custody, pursuant to section 846 of the Government Code.

## 24
## (Reasonable Force)

As a twenty-fourth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code, and section 835a of the Penal Code in that the physical force and contact utilized was reasonable to effect a lawful arrest, to prevent escape or to overcome resistance.

## 25
## (Necessary Force to Defend)

As a twenty-fifth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code and section 835a of the Penal Code in that the physical force and contact utilized were reasonable for the lawful defense of the officer(s) and/or others.

26

(Qualified Immunity)

As a twenty-sixth separate and distinct affirmative defense, Defendant Deputy Collins alleges that he is entitled to qualified immunity from liability under title 42, United States Code section 1983.

27

(Policymakers)

As a twenty-seventh, separate and distinct affirmative defense, Defendants allege that they are not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County of San Diego.

28

(Untimely Claim Under Government Code Section 945.4)

As a twenty-eighth, separate and distinct affirmative defense, Defendants allege that Plaintiffs' action is barred by the failure of Plaintiffs to timely comply with the administrative claim provisions of section 945.4 of the Government Code.

29

(Res Judicata and/or Collateral Estoppel)

As a twenty-ninth, separate and distinct affirmative defense, Defendants allege that Plaintiffs have already litigated all or some of the claims set forth in the FAC, such that those claims are barred by the doctrine(s) of res judicata and/or collateral estoppel.

30

(Untimely Action Under Government Code Section 945.6)

As a thirtieth separate and distinct affirmative defense, Defendants allege that the action is barred by the failure of Plaintiffs to commence the action within the time required by section 945.6 of the Government Code.

///

///

## 31
### (Statute of Limitations)

As a thirty-first, separate and distinct affirmative defense, Defendants allege that Plaintiffs' action is barred by the statute of limitations (including but not limited to Section 335.1 of the Code of Civil Procedure).

## 32
### (Collateral Source)

As a thirty-second, separate and distinct affirmative defense, Defendants allege that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

## 33
### (Punitive Damages Barred)

As a thirty-third, separate and distinct affirmative defense, Defendants allege that Defendant County of San Diego is not liable for punitive or exemplary damages by operation of section 818 of the Government Code.

## 34
### (Misrepresentation)

As a thirty-fourth separate and distinct affirmative defense, Defendants allege that they are not liable for injuries caused by any misrepresentation by officers or employees of the County of San Diego by operation of sections 818.8 and 822.2 of the Government Code.

## 35
### (No Standing to Sue)

As a thirty-fifth, separate and distinct affirmative defense, Defendants allege that Plaintiffs have no standing to sue.

///

36

(Failure to Exhaust Administrative Remedies)

As a thirty-sixth, separate and distinct affirmative defense, Defendants allege that Plaintiffs' action is barred by Plaintiffs' failure to exhaust administrative remedies, including but not limited to, internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over Plaintiffs' claims.

WHEREFORE, said Defendants pray as follows:

1. That the action be dismissed with prejudice;

2. That Plaintiffs take nothing by their action;

3. That Defendants recover their costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: July 25, 2022  CLAUDIA SILVA, Acting County Counsel

By: s/ALEXA KATZ, Senior Deputy
Attorneys for Defendants County of San Diego and Deputy David Collins, Jr.